————————

No. 95-1806

————————

Lamont Ashley,                          *
                                        *
                Appellant,              *
                                        * Appeal from the United States
        v.                              * District Court for the
                                        * Eastern District of Missouri
James A. Gammon,    *
                                        *        [UNPUBLISHED]
                Appellee.               *

————————

Submitted:  November 17, 1995

Filed:  April 1, 1996

————————

Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.

————————

PER CURIAM.

Lamont Ashley, a Missouri state prisoner, appeals from a final order entered in the United States District Court[1] for the District of Missouri, adopting the report and recommendation of the magistrate judge[2] and denying Ashley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ashley v. Gammon, No. 4:91 CV 2332 (E.D. Mo. Feb. 24, 1995) (order adopting report and recommendation). For reversal, Ashley argues that the district court erred in (1) failing to find that his procedural default was excused by cause and prejudice and (2) denying his request for an evidentiary hearing. Ashley maintains that, but for these errors,

————————————————

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

[2]The Honorable David D. Noce, Chief United States Magistrate Judge for the Eastern District of Missouri.

he would have prevailed on the merits of his constitutional claim. For the reasons discussed below, we affirm.

Ashley was convicted in Missouri state court on eight counts of burglary in the second degree upon a plea of guilty entered on February 2, 1990. He was sentenced to seven concurrent terms of fifteen years imprisonment and one consecutive term of five years, for an aggregate sentence of twenty years. In determining his sentence, the trial court sentenced Ashley as a class X offender based upon Ashley's admission at his plea hearing that he had at least three prior felonies. Following his conviction, Ashley filed a motion for postconviction relief in state court claiming that he received ineffective assistance of trial counsel and that he was improperly sentenced as a class X offender. He was appointed counsel. The state court denied Ashley's motion, and his appointed counsel filed an appeal, asserting only the ineffective assistance claim. The Missouri Court of Appeals affirmed the denial of Ashley's motion for postconviction relief.[3]

Ashley filed this petition pro se in federal district court, seeking a writ of habeas corpus on grounds that the state trial court improperly sentenced him as a class X offender, in violation of his due process rights. Upon review, the magistrate judge recommended denial of the petition on grounds of procedural default which was not excused by cause and prejudice and which did not result in a fundamental miscarriage of justice. Ashley v. Gammon, No. 4:91 CV 2332 (Oct. 14, 1994) (magistrate judge's report and recommendation). By order dated February 24, 1995, the district court adopted the magistrate judge's report and recommendation and

---

[3]Ashley also filed a separate pro se petition for writ of habeas corpus with the Missouri Court of Appeals in which he raised the issue of his sentencing as class X offender. That petition was denied. He filed an identical pro se petition with the Missouri Supreme Court, which was also denied.

denied Ashley's request for an evidentiary hearing. Id. (Feb. 24, 1995).

Ashley argues that his appointed counsel, on appeal from the denial of postconviction relief in state court, was ineffective in failing either to assert the class X offender sentencing issue as an independent ground for appeal or to incorporate this issue into his ineffective assistance claim. He also maintains that it was clearly his personal intention to appeal the sentencing issue, as evidenced by his contemporaneous filings of pro se petitions for a writ of habeas corpus in the Missouri Court of Appeals and the Missouri Supreme Court, in which he did specifically raise the sentencing issue. Thus, he argues, he has demonstrated both cause and prejudice to excuse his appointed counsel's procedural default in failing to appeal the class X offender issue to the Missouri Court of Appeals in the postconviction relief proceedings. Upon review, we note that there is no constitutional right to effective assistance of postconviction relief counsel and, accordingly, ineffective assistance of postconviction relief counsel is not a basis for showing cause to overcome a procedural default in a federal habeas action. Coleman v. Thompson, 501 U.S. 722, 752-54 (1991).[4]

Ashley separately argues that the district court erred in denying him an evidentiary hearing pursuant to 28 U.S.C. § 2254(d).

---

[4]We also reject Ashley's suggestion that the class X offender status issue was implicitly included in Ashley's appeal from the denial of postconviction relief, or that this court can somehow presume an intent to include the class X offender issue in that appeal. See Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (per curiam) (requiring specificity of claim in state court in order to preserve it for collateral attack in federal court). Moreover, the substance of Ashley's claim is that his status as a class X offender was not established in accordance with proper state statutory procedures; thus, his claim is grounded in state law and fails to assert a violation of the Constitution or laws or treaties of the United States within the meaning of § 2254.

Ashley contends that he never received a full and fair hearing in state court and that the factual dispute regarding his actual criminal record had never been fully developed and properly decided in state court.  Even if we were to assume that Ashley has alleged facts which, if proven, would entitle him to relief, we hold that the record before the district court was adequate and that Ashley has not shown, nor does it appear, that any of the grounds for requiring such an evidentiary hearing, as set forth in § 2254(d), has been established.  We therefore hold that the district court did not err in declining to hold an evidentiary hearing in the present case.  Accordingly, the order of the district court is affirmed.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.